We move to the 7th case this morning, this afternoon, U.S. v. Harvey. Mr. Hillis, you're back again. Oh, Mr. Hillis, we can't hear you. I beg your pardon. May it please the court. I hope everybody can hear me now. Counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office, and I represent Mr. Harvey. At sentencing, the district court imposed a four-level enhancement via 2K2.2b5 when it concluded that Mr. Harvey transferred a firearm to a felon. The difficulty in this case is that the guideline doesn't allow an enhancement for transferring a firearm to a felon. So the district court procedurally erred by imposing that four-level enhancement, which raised the guideline range from what should have been 46 to 57 months up to 70 to 87 months. The district court ultimately gave a sentence of 60 months with the misconception that it was a below-guideline sentence, and that was incorrect. So we have a procedural error under Gaul since the district court incorrectly calculated the guideline range. We would hope that that should be the end of matters. The government argues that the standard of review, I'll begin with that, should be plain error. We don't see how. The standard of review is determined in large part based on whether or not somebody has preserved an issue, of course. And so in a legal matter, that's what we're looking for, as opposed to contesting any factual issues. And here at appendix page 6, defense counsel preserved the issue when he told the court he opposed the enhancement because the government failed to argue that Mr. Harvey knew he was selling to a, quote, prohibited person. That's enough. That means that we are here on de novo review and argument. Unless the court has questions about that, I will now turn to the merits. As for the merits, the government concedes that 2K2.B5, 2.2B5. We can just call it B5 without all the rest of the prelude. Great. You're saving me a mouthful. Thanks, Judge. So the government concedes that that's an incorrect application. It instead asked the court to affirm based on a different guideline provision, which is B6B. The problem here is that the government never made that argument in the district court. The government is not shy about arguing waiver when the defense does something wrong and we think what's sauce for the goose is sauce for the gander. Here there's a waiver problem because the government didn't raise this issue below, didn't prove the necessary facts either. So this court can affirm on any basis in the record that's actually argued below. We cite Dye and Bakari for that proposition. There's Supreme Court authority as well. But this puts the government squarely with its back to the waiver law. The government says that nevertheless this court should look past and make a finding based on the B6B issue. But to do so and to go to harmless error, the government would require this court to engage in fact-finding because the government did not prove below that the CS was in fact a prohibited person. The CS told my client that he was a prohibited person in some respect. Apparently that he was a felon. However, it's for the government to prove the necessary facts to support any enhancement that it wishes to obtain. The CS saying that he was a felon does not show that he was a felon. Burden of proof is on the government. The 10th Circuit's case, United States v. Francis, which is a 2018 case, footnote 9, speaks to this issue. What is the necessary proof? And also, we would have a concern under this circuit's precedent in Buckmeyer and Burnett because there is a possibility of a restoration of rights. So the government, by stringing this argument on the defense on the appeal, has prevented the defense from obtaining what would have been necessary facts to try to counteract the B6B argument. And so we think that it's improper for the government to ask this court to affirm on a basis, A, that it never argued, and B, that it hasn't proved. With that, I have nothing else unless the court has questions for me. I reserve the balance of my time. Thank you. Thank you, Mr. Coates. Ms. Greenwald? Good morning, Your Honors. May it please the court. Again, a factual correction to begin. This was a, the 16 months was a guideline sentence. At the record in the appendix at page 9, the court found the guideline range, based on an adjustment between the court's finding and the PSR as to criminal history, that the guideline range was 57 to 71 months. Again, page 9 of the sentencing transcript, and it imposed a sentence of 60 months, a guideline sentence. So that's number one. The government would maintain that the defendant has, under this court's recent decision, indelitory forfeited the argument raised on appeal. But there's a real issue about how specifically these things need to be raised. And boy, this one is right on the edge. I mean, the lawyer does object to the B5 enhancement. It modifies or elaborates now on appeal. But actually, the thing that worries me most about your argument is the notion that whenever there's an error in the guidelines, the government can just shop through the entire U.S. sentencing guidelines book, find another guideline that might lead to the same result, and just pull it out of a hat. This one happens to be an adjacent guideline, B6B, instead of B5. But the principle would be no different if you went over to some other place in the guidelines. And there's no notice to the defendant. There are no arguments that can be made. I just don't think that's any more right than saying, well, they were convicted under one drug statute, but another drug statute would have been fine. They were convicted for a conspiracy, but they could easily have been convicted for the underlying transaction. We don't allow that. There's no notice. The facts in this situation here, Your Honor, is extremely different. The government's position here is that— No, it isn't, though. In principle, the government has to get past the first step, which is that if one guideline fails, you get to shop around and find another one. That's where I have a problem. Well, and I completely understand the court's problem, Your Honor. On this record, however, the government—what happened here was the government made a mistake. But that happens all the time. Defense make mistakes, and then there's vacation and remand. The government won't make the same mistake again in this case. That's true, Your Honor, unless there's harmless error. And here, the facts, the law, all the findings of the court amount to a B-6. But you didn't argue it. Why isn't it waived? It's as though some part of 2K was in—2D was in play or 2C. It's not waived, Your Honor, for the same reason it wouldn't be waived for the defense. As this court's been clear, if there's no strategic reason, then it's assumed that it's forfeited rather than waived. There was no strategic— But those cases are all different. Those cases all deal with arguments inside the confines of one guideline. And this shifting legal grounds and then saying, oh, it's harmless error because we could have won on a different ground, is a very—that would be a principle that would be very hard to contain. I think it would be restricted, Your Honor, based on the fact that there were no more legal findings to be found, made, and no more legal analysis to be made. But Mr. Hillis doesn't agree with you about that. He looks at Buckler. Exactly. And Mr. Hillis, with all due respect, is incorrect. So first of all, Your Honor, there is no case law, absolutely none, that holds that B-6 or that B-6 requires that the defendant—that the person receiving the firearm actually be a felon. And in fact, there's much case law, I would cite, too, as we do in our post-argument—post-brief filing letter in Glace, where—and decisions out of the 11th and 6th Circuit that hold that the reason to believe language means that it does not have to be proven that the C.I. in fact— Ms. Rivera, can I ask you a question? I don't want to pile on here, but I want to ask you a question and just give you an analogous situation. What if this—what if we were arguing about the obstruction of justice enhancement? Take it away from the similarity of B-5 and B-6. So obstruction of justice was not discussed below, but we have a situation where the judge denied the defendant acceptance of responsibility and says at sentencing, I'm denying the defendant acceptance of responsibility because he lied. He affirmed it. He took the witness stand. He lied. But the government didn't recommend an obstruction enhancement. Probation didn't recommend an obstruction enhancement. And nobody argued for the obstruction enhancement. Nobody argued for it. But the judge made facts which would clearly apply to the obstruction enhancement. And then we have an appeal from the defendant that says this two-point enhancement shouldn't apply. Whatever it is, you can make it up. The judge got the drug weight wrong or the judge misapplied a firearms enhancement. There's a two-point enhancement that doesn't apply and you should send it back for resentencing. Could we just say, well, yeah, we agree with you on the two-point enhancement for the firearms. But here, look, the judge found that the defendant lied and we take all the facts that are undisputed in the record and that clearly qualifies the defendant for the obstruction enhancement. So if we apply that, the guidelines would be the same. And therefore, we affirm under harmless error standard. Because I understand that the issue here is a little different because of the similarities between B-5 and B-6. But why wouldn't it just be much cleaner to send it back to the district court to have the district court apply the correct guideline and then decide the sentence? You may very well win in the district court. You may very well win and the defendant may get the same sentence. But how do we stop my obstruction of justice enhancement example from applying if we rule in your favor in this case? I think we stop it from applying by the very distinction the court made, by the very distinction Your Honor made, which is that that's not something the court found. It's not something because obstruction of justice requires a specific finding. But the court found in Judge Kirsch's hypothetical, the court found all of the necessary underlying facts for obstruction. The court just didn't take that last step and say, and therefore, I'm going to apply the obstruction enhancement. I'm not sure that's completely correct, Your Honor, because I think there are specific intentions. That was the hypothetical. We just have to take the hypothetical. Okay, I'll take the hypothetical. I would say that that's a different situation because it's not involving, it's involving a completely different set of facts from the error involved. The error involved here is that he didn't qualify as the kind of felon required under B-5. But he did exactly, everything the court found exactly amounts to B-6. And when we send it back, and I'll return to the restoration of rights issue if Your Honors have any concern about it. But one concern I do have is that the court not issue an opinion in this case, because I believe it really would be legally incorrect, that holds that the government has to prove that, and create a conflict with other circuits, by the way, that the government has to prove that the person to whom the firearm is transferred, in fact, was a felon. That is just, there's no case on B-6. There's a complete different reason for it being there in B-5. And I'd urge the court, if you don't want me to elaborate further, to please read our cases. But going back, going back. If we remand, your argument is if we remand, we don't have to reach that. That would be an advisory opinion at that point, right? We just remand to Judge Kendall and she decides that. Right, but the fact is that because that, as a matter of law, is not a requirement. It's just one way of proving, because if you transfer a gun to somebody who is a prohibited person, then the mere possession of that gun is another felony offense. It's certainly not the only thing that B-6 would cover, but it's a thing that B-6 covers. Exactly, but the defendant is arguing that we have to prove that, in fact, the recipient, for example, under the defendant's argument, undercover agents could never be the recipient of a firearm to get the enhancement. Because it's not enough just to say you're a felon. We have to prove that there's no restoration of rights, that, in fact, that person was a felon. That's in conflict with Inglise and other cases, particularly with respect to B-6. And when the Tenth Circuit held differently in B-5, it was based on a wholly different language. But going back to the analysis, the difference between this case and Judge Kirsch's example is that that is creating a whole different fact pattern that the government would have to rely on. This is the same fact pattern. And if you send this back to the judge based on the law and the facts, they're going to come to the exact same guideline. That's why it's harmless error. There is no argument or basis to find a different guideline. And that's why the government makes that argument, and that's why it's distinct. So I see I'm out of time. So the government, unless the court has any further questions, would respectfully request that this court affirm the judgment and sentence imposed by the district court in this case. Thank you, Ms. Greenwald. Thanks to both counsel. Mr. Hill has had a little time. Thank you. Thank you. So I'll begin with a correction or at least an observation. The government's post-brief filing in this case is entirely improper. Your argument now, there is no occasion procedurally to file a post-brief in advance of oral argument. So even to start with that, we won't end there. The government could file a 28J letter. The problem with what the government is trying to advance by way of a legal theory is obvious when we look at the analogy that Judge Kirsch gave and that Judge Wood explored as well. Under the analogy for obstruction of justice, we would have the presentation of facts and some determinations by the district court that may provide an alternative basis. That takes us back into the Daly and Bokhari line of cases where the party who is going to seek affirmance on a different basis on the appeal would have to have actually presented something for the district court to have done in making a record that then allows this court to affirm on appeal. That never happened. And so we don't have a basis for the government's harmless error argument because we don't have the facts necessary for the government's harmless error argument. As far as avoiding a circuit split, this case provides a good opportunity to enforce waiver and avoid some of these things that the government's uncomfortable with what happens next. But I will point out that this is not an instance where the sentence is a foregone conclusion because Noble and Wyss are well-reasoned opinions that remain vibrant in the circuit. And the government knew what its burdens were at the time it showed up for sentencing. It went forward on a legal theory. It had other legal theories that were available. It obviously knows what one of them is today, but it chose not to go forward on that. Mr. Oost, the waiver argument that you're making, wouldn't that be a better argument to make to the district court on remand? If your argument is that the government waived anything, isn't that an argument that they waived for the district court on resentencing if we remanded for resentencing? Well, Judge, since the government's asking to rule that there's harmless error here, I think the court will have to address that. And in the district court, we argue that by not making the argument, they're precluded from making the B-5 argument under Noble and Wyss. That would be out of resentencing, but that is a separate waiver issue. Yeah, I understand. I understand. I just ask that because we so rarely find waiver for an appellee. I mean, you know, the standards for waiver for an appellant and an appellee are different. And I just, that's all. I just wanted your view on that. Sure. I'm in favor of breaking new ground here. And again, if we're to be held accountable for waiver, I think it's entirely appropriate to say the government is capable of waiving things too. And this is a good case to find that it did say. So with that, I don't think I have anything else. Now, Mr. Hills, thank you very much. Thanks to both counsel and the case will be taken under advisement.